By the Court.
This was an action for libel. Both parties reside in Brooklyn, and out of the jurisdiction of this court. The plaintiff, however, was desirous of having the cause tried in this court. In order to bring the cause within its jurisdiction, it was necessary that the summons should be served within this city. A clerk of the plaintiff’s attorney, therefore, procured a person to write to the defendant, requesting him to call on the writer next day, in this city. The defendant came, in order to comply with the request in the letter, and when he was leaving the ferry boat, was met by the person who had written the letter, and was then served with the summons in this action. The whole proceeding was a trick, for the purpose of giving this court jurisdiction.
The excuse alleged by the plaintiff is, that he had been so libelled by the defendant and others in Brooklyn, as to raise the public feeling there against him, and he could not hope for a fair trial in the County of Kings. If so, there is a sufficient remedy by moving the supreme court; and we have no doubt, it will, on application, be properly applied. An application was made to set aside the service of this summons, and we *718 think it was' well founded. This court will not sanction anj attempt to bring a party within its jurisdiction by fraud anG misrepresentation. And where by a false statement or frauda-lent pretence, a party is brought within the jurisdiction, and. there served with process, the service will be set aside. We recollect a case where a party was entrapped into this state out' of another state, and then served with process, and there the service was set aside.
If a party who is not within the jurisdiction voluntarily come within it, he thereby becomes amenable to the process of the court, but not unless he comes voluntarily. The court will not countenance any proceeding of the nature adopted in this case.
Appeal dismissed with costs.