## GOUPIL *a.* SIMONSON.

*Supreme Court, First District; Special Term, November,* 1856.

ARREST.—FALSE REPRESENTATIONS.—DISCHARGE.

A defendant will be discharged from arrest when it appears that the arrest was
effected by enticing him within the bailiwick of the sheriff in whose hands the
process was, by means of false representations.

Motion to discharge a defendant from arrest.

DAVIES, J.—The order of arrest was made by a justice of
this court, directed to the sheriff of the county of Kings, com-
manding him to arrest both defendants; Lott Simonson, being
resident in Brooklyn, and the defendant Isaac Simonson,
at Jamaica, in the county of Queens.

The order of arrest was granted on November 11, and it
would appear that it was left with the sheriff of the county of
Kings on that day.

On the night of the 11th a deputy of the sheriff went to
Jamaica, and represented to Isaac Simonson that process was
issued against his son Lott, and that he would be needed at
Brooklyn to aid him. He left home for this purpose about two
o'clock on the morning of the 12th, and went to the Brooklyn
jail, expecting there to find his son. He ascertained that he
was not under arrest, but he was himself immediately arrested
and confined in jail.

It is but too apparent that he was enticed within the baili-
wick of the sheriff of Kings county that he might be arrested.
It is manifest that the whole proceeding was a trick for the
purpose of giving the sheriff of Kings county an opportunity
to arrest the defendant.

I concur entirely with the Superior Court in its view as
expressed in Carpenter *v.* Spooner, (2 *Sandf. S. C. R,* 717).
"This court," they say, "will not sanction any attempts to
bring a party within its jurisdiction by fraud and misrepresen-
tation. And where by a false statement or fraudulent pre-
tence a party is brought within the jurisdiction, and there

served with process, the service will be set aside. If a party who is not within the jurisdiction voluntarily comes within it, he thereby becomes amenable to the process of the court, but not unless he comes voluntarily. The court will not countenance any proceeding of the nature adopted in this case."[*]

I cannot sanction the means adopted in this to induce the defendant Isaac Simonson to come within the bailiwick of the sheriff of Kings county, that he might be arrested, and he must be discharged with costs.

### LUTZ *a.* EY.

*New York Common Pleas; General Term, November,* 1856.

MECHANICS' LIEN LAW.—REQUISITES OF NOTICE.—CREDIT.

Where a notice filed under the mechanics' lien law stated the doing of the work by the claimants in pursuance of a contract made by the owner,—*Held,* that this notice was sufficient without an averment by the claimants that *they* had made the contract with the defendants. ,

It is not necessary in such notice to state that the work had been done within six months prior to *making* the notice.

The plaintiff in an action to foreclose a mechanics' lien, is confined to his bill of particulars, and cannot recover for work not stated therein.

Where a payment contracted for is to be made by note, and such note is not given, the party entitled may sue for the amount after the expiration of the term for which the note was to be made ; but in such case the defendant should not be charged with interest during that time.

Appeal from a judgment entered upon the report of a referee.

This was an action by Stephen Lutz and others against Joseph Ey, to foreclose a mechanics' lien.

INGRAHAM, F. J.—The plaintiffs are claimants under the mechanics' lien law for work, labor and materials, done and furnished for buildings belonging to the defendant.

The notice filed to create the lien stated the amount of the

---

[*] And compare Seaver *v.* Robinson, (3 *Duer,* 622; S. C., 2 *Ante,* 554.)