Baker agt. Wales.

# N. Y. SUPERIOR COURT.

GEORGE A. BAKER and WILLIAM W. BAKER agt. HENRY WALES.

Where the evidence is sufficient to show that *deceit* has been used for the purpose of bringing a person within the jurisdiction of this court, that he may be served with a summons and thus subjected to an action in this court, the service of the summons will be set aside and vacated.

*General Term, March*, 1873.

*Before* MONELL, *P. J.*, FREEDMAN *and* CURTIS, *JJ.*

APPEAL from order vacating and setting aside service of summons.

The following is the opinion delivered at special term :

SEDGWICK, *J.*—The facts seem to be that the plaintiffs kept in their office parcels of summons with places left blank for defendants' names and amounts to be claimed. The inference is, that if a business interview were not satisfactory, service of summons would follow after the blanks had been filled up.

On January 19th one of the plaintiffs wrote to defendant, who lived in Connecticut, to come to New York to settle the claim in dispute, and to answer by return mail whether he would come. He did not answer until the twenty-sixth, and did not come until the thirtieth ; then he had an unsuccessful negotiation with plaintiffs' clerk, who served him with the summons in the case after he had filled in the defendant's name. This summons was dated 20th January, the day after the plaintiffs' letter to defendant to come to New York.

There would be no doubt in the case if it were not for the plaintiffs' affidavits that the letter was written and the interview sought for the purpose of settlement solely.

Baker agt. Wales.

But there is a conclusion consistent with this to be drawn from all the facts ; that is, that irrespective of a particular interest in this particular case, there was a general purpose to have interviews with business customers, who went there only for business purposes, and then the clerk having blank summons in reserve, to serve them if the customers did not come to terms ; so the clerk would be instructed.

Under the general system of business it would be only necessary for the plaintiffs to write a letter solely for the purpose of settlement in a particular case, and the clerk would serve the summons under the general instruction. Nevertheless, the result would be that a defendant would be deceived, and the deceit would be used for the purpose of effecting a service.

Motion granted with ten dollars costs.

MORRIS & LORD, *for appellants.*
ROGER H. LYON, *for respondent.*

*By the Court,* FREEDMAN, *J.*—The court below found, upon evidence somewhat conflicting, that deceit has been used for the purpose of bringing defendant within the jurisdiction of the court. We have carefully examined the evidence and deem it amply sufficient to sustain such finding. The service of the summons was therefore properly vacated and set aside (*Carpenter* agt. *Spooner,* 2 *Sandf.,* 716).

The order must be affirmed with costs.

MONELL and CURTIS, JJ., concurred.