## WYCKOFF *v.* PACKARD.

*N. Y. City Court, Special Term ; November,* 1887.

1. *Service of summons, when set aside ; deceit.*]    Service of summons upon a defendant residing out of the jurisdiction of the court, which is procured by trickery and deceit, will be set aside on motion.    *So held*, where the attorney's clerk notified the defendant that he would meet him at a specified time and place within the jurisdiction, and on attending, supposing some one desired a business interview, the summons was served.

---

Motion to set aside service of summons.

The material facts appear in the opinion.

ERLICH, J.—A clerk in the office of plaintiff's attorneys, after many fruitless efforts to serve defendant, who was known to plaintiff to be a resident of Brooklyn, wrote to defendant the following letter :

"NEW YORK, October 28, 1887.

" DEAR SIR,

" I will call to see you to-morrow, at the office of the Griffin Mfg. Co., in Cortlandt street, at about 12 o'clock noon.

" Yours, etc.,

" W. F. CRONIN."

" Mr. EDWIN PACKARD."

The defendant, supposing that some party desired a business interview, attended, and the writer of the letter served upon him the summons and complaint, which service defendant now moves to set aside.

It would be an affront to any ordinary intelligence to assume that the writer of the letter did not intend to deceive defendant, or that defendant was not thereby misled. The clerk of plaintiff's attorneys, both in what he said and in what he suppressed, was guilty of trickery, of which it must be assumed his principals were ignorant, but from which no party can derive any benefit in a court of justice.

The decisions are uniform that such deceit vitiates the service of legal process,* but if there were no precedent

---

* Service of the summons was set aside in the following cases:—for enticing defendant into the jurisdiction of the court by means of a letter, which failed to state that service was to be made,—Carpenter v. Spooner, 2 Sandf. 716 ; Baker v. Wales, 14 Abb. Pr. N. S. 331 ; s. c., 35 Super. Ct. (J. & S.) 403; Metcalf v. Clark, 41 Barb. 45 ;—by handing a sealed package containing the summons to defendant, who was

exactly in point the court would not hesitate to make a precedent of the case at bar.

The motion must be granted, with $10 costs.

---

about to leave the State, with the request that it be not opened until arrival at the destination,—Bulkley *v.* Bulkley, 6 *Abb. Pr.* 307;—for illegally entering the house of defendant to effect service,—Mason *v.* Libbey, 1 *Abb. N. C.* 354.

See, also, Campbell *v.* Spencer, 1 *How. Pr.* 199; Livingston *v.* McIntyre, *Id.* 253; where service on the attorneys for the adverse parties was set aside for illegal entry into their offices.