DUNHAM *et al. v.* CRESSY *et al.*

(*Supreme Court, General Term, First Department.* January 28, 1889.)

WRITS—SERVICE ON NON-RESIDENT—WHEN SET ASIDE.
Where defendant comes into the state solely in pursuance of a letter from plaintiffs, to attend to business, plaintiffs proposing to pay his expenses "one way," and saying that the business concerned them both, and the letter is calculated to quiet any apprehensions defendant may have of being sued, and plaintiffs transact no business with him, but serve him with summons, such service will be set aside.

Appeal from special term, New York county.

Action by James H. Dunham and others against Thaddeus B. Cressy and others. Plaintiffs appeal from an order setting aside service of summons upon defendants.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Kopper & Jenks,* for appellants.    *W. W. Niles,* for respondents.

MACOMBER, J. If any cause of action existed in favor of the plaintiffs against the defendants, it arose out of the purchase by the defendants of certain goods of one Glazier. The plaintiffs claim that Glazier had obtained from them a large amount of merchandise, under circumstances which would stamp his possession of it as fraudulent, and the only claim against the defendants arose from their purchase of a portion of such merchandise from Glazier. There is nothing, however, in the affidavits to show that the defendants had any knowledge of the embezzlement of Glazier, or that he did not have full power to dispose of the merchandise which they bought. After finding out the facts, they seem to have done all in their power to restore to the true owners the property which they had inadvertently received from Glazier. This fact seems to show that there was no well-grounded cause of action against them in this case.

Aside from that consideration, however, it is clear from the letter which the plaintiffs wrote to the defendants on May 16, 1888, that the order of the special term was correct, and should be affirmed. The letter was well calculated to deceive the defendants. It apprised the defendants that they were not liable for the payment of a check which they had given to Glazier for certain goods, and this advice was based upon the allegation that such goods

were stolen property, and the check therefor would be void. They then say: "You are therefore not liable for the payment of the check, and have suffered no loss from the transaction except what profit you might have made by sale of the goods. Inasmuch, therefore, as you deem it too late in the season to buy merchandise, the affair seems to adjust itself. We deem it highly important, both for you and ourselves, that we should see you with reference to the Glazier transaction, and we would ask if one of your firm will make it convenient to visit New York either this week or early next. Inasmuch as it concerns us both, we would propose to pay your expenses one way. Our agent would meet you in Boston, but it would be more satisfactory to see you here." When the defendant Edwin P. Cressy appeared in New York city, in pursuance of the request contained in this letter, the only business that was transacted with him by the plaintiffs was a request for him to enter into a side room, where he was personally served with the summons in this action. The plaintiffs had nothing to say about Glazier or his embezzlements, or any other question touching any business connection that the defendants had had with Glazier, further than this act. The letter was well calculated to quiet any apprehensions that the defendants might have of a purpose on the part of the plaintiffs to hold the defendants liable for anything connected with their transactions with Glazier. It was so adroitly drawn as to put any person off his guard who had any previous apprehension of a purpose on the part of the plaintiffs to hold them responsible. The evidence is clear that the defendant who was served came into this state solely in pursuance of that letter, and a perusal of the letter, in connection with the circumstances attending the relations of the several parties to Glazier, clearly shows that it was a device only to bring the defendants within the jurisdiction of this court at the place of residence of the plaintiffs. It is hardly necessary to add that the plaintiffs failed to pay the defendant's "expenses one way." Under these circumstances, the court cannot permit its process to stand. The order setting aside the service of the summons is consequently affirmed, with $10 costs and disbursements. All concur.