BARTLETT *v.* SUTORNIS.

(*Supreme Court, General Term, First Department.* July 9, 1889.)

ARREST—IN CIVIL ACTIONS—PLEADING.

Under Code Civil Proc. N. Y. § 549, providing that a defendant may be arrested in an action to recover money or property, "where it is alleged in the complaint that the money was received or the property was embezzled or fraudulently misapplied by * .* * a factor, agent, broker, or other person in a fiduciary capacity," a complaint, in order to justify an arrest in an action against an agent, must allege specifically that the money sued for was received by defendant in a fiduciary capacity.

Appeal from special term, New York county.

Defendant, Edward Sutornis, appeals from an order denying a motion to vacate an order of arrest; also from a judgment on a verdict for plaintiff entered by direction of the court.

Argued before VAN BRUNT, P. J., and BRADY and BARTLETT, JJ.

*Austen G. Fox* and *Chas. Stewart Davison,* for appellant. *Daniel D. Sherman,* for respondent.

VAN BRUNT, P. J. The only question necessary to consider upon this appeal is whether the complaint states facts sufficient to show that the defendant was liable to an order of arrest. The allegation of the complaint is that the plaintiff shipped certain goods consigned to the defendant, then his agent in New York, to sell for cash or on 30 days' credit; that the defendant received said goods on account of plaintiff, and thereafter sold the same, with the exception of a small amount; and that the defendant has collected the proceeds of such sale, and has neglected, and still neglects and refuses, to render to the plaintiff a just and true account of such sales, and has also neglected and refused to pay over the proceeds to the plaintiff, with the exception of a small amount, and has wrongfully converted the same to his own use. Section 549 of the Code provides that a defendant may be arrested in an action, where the action is brought to recover for money received, or to recover damages for the conversion or misappropriation of property, "where it is alleged in the complaint that the money was received, or the property was embezzled or fraudulently misapplied, by a public officer, attorney, solicitor, or counsel, or an officer or agent of a corporation or banking association in the course of his employment, or by a factor, agent, broker, or other person in a fiduciary capacity;" and on such allegation the plaintiff cannot recover, unless he proves the same on the trial of the action; and a judgment for the defendant is not a bar to a new action to recover the money or chattel. It is clear, for the reasons stated in the case of *Hillis* v. *Bleckert, ante,* 405, (herewith decided,) that the complaint, to justify an arrest in an action against an agent, must contain a specific allegation that the money or property for the misapplication of which the action is brought was received by such agent in a fiduciary capacity. The complaint in this case containing no such allegation, the motion for judgment upon the pleadings in favor of the defendants should have been granted. The judgment must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.