ROBERT HARLAND AND OTHERS, RESPONDENTS, *v.* THOMAS HOWARD, APPELLANT.

*Arrest — how it must be made — abuse of the process of the court — when an order of arrest will be vacated — right to protect one's personal liberty.*

A private detective having forcibly detained a defendant, against whom an order of arrest had been issued, until the sheriff of the county could arrest him, a motion was thereupon made to vacate the order of arrest and relieve the defendant from arrest upon the ground that the arrest as made was an abuse of the process of the court.

*Held,* that the defendant should be released.

In order that an officer shall be justified in the execution of civil process it is necessary that the right of arrest shall be exercised within his jurisdiction, and that he has present with him his authority to make the arrest.

A person has a right to protect his liberty by the use of all the force necessary to accomplish that result.

APPEAL by the defendant Thomas Howard from an order, entered in the office of the clerk of the county of New York on February 21, 1890, denying the defendant's motion to vacate an order of arrest granted in the above-entitled action, and the arrest of the defendant thereunder, upon the ground of connivance, force and fraud in effecting the arrest.

The motion was made at the New York Special Term, where, after hearing the matter, the motion was dismissed, with costs.

*W. G. Gaynor,* for the appellant.

*G. De F. Lord,* for the respondents.

VAN BRUNT, P. J.:

The ground upon which this motion is based is that one McDonald, a private detective, forcibly detained the defendant until the sheriff of Kings county could arrest him. It seems to us that this claim is established beyond all question. It is true that it is claimed that the plaintiffs' affidavits by preponderance of proof show that no such thing had occurred, and that both McDonald and Yaxley, the agents of the plaintiffs, swear that no compulsion whatever was used and no false pretenses made, but that the defendant went with them voluntarily to the Fulton street police station, and apparently was very anxious to have the officer in charge detain him until the sheriff could come to arrest him; and that after the officer in charge refused to detain him, and he was proceeding with them voluntarily to the jail, he broke away, tripped up McDonald, striking him so that he fell; that he was thereafter caught by two policemen, arrested, and upon a charge by McDonald held at the station-house for assault. A more improbable story has seldom come under the consideration of the court. It bears upon every part of it the stamp of falsity. If Howard was willing to go with these people, why go to the station-house and ask the sergeant in charge to hold him until the sheriff could come there to arrest him? If these parties were not detaining him, why was it necessary for the defendant to trip McDonald up and knock him down in order to get out of his custody? The conceded facts upon the part of McDonald and Yaxley prove, beyond all question, that they were guilty of a gross abuse of power, such as private detectives are altogether too prone to indulge in, and for which they should be severely punished. This man, undoubtedly, represented himself to be an officer, took forcible possession of the defendant, compelled him to go with him and endeavored to get him held at the station-house until the sheriff could arrest him. If that is not an abuse of any power ever conferred upon him, it is difficult to see how any power could be abused. It is sought to sustain this arrest upon the ground that because the detention of the defendant upon the crime of an assault resulted in his arrest in this action, that, therefore, this motion should not be granted. But when we find from the very facts of the case, beyond reasonable doubt, that without the slightest semblance of authority this man McDonald was exercising dominion over the defend-

ant for the purpose of subjecting him to arrest, no such consideration can prevail.

It is said that Howard was convicted of this assault. But how the magistrate could ever have been induced, under the facts appearing in this case, to convict Howard of assault it is difficult to imagine. But that in no way deprived Howard of the protection of the law; nor could he, therefore, be permitted to be kidnapped for the purpose of bringing him within the power of the sheriff to serve an order of arrest.

It is urged that even if McDonald, under these circumstances, was in Brooklyn, only a private citizen, and had forcibly held the defendant until the sheriff arrived, that would be no reason why this court should ignore and defeat its own process by discharging the defendant. It must be recollected that a private citizen has no right to interfere with the liberty of another unless a felony has been committed in his presence, and the person whose liberty is interfered with is guilty of the crime. No such condition of affairs existed in this case. It is necessary, in order that an officer shall be justified in the execution of a civil process, that the right of arrest shall be exercised within his jurisdiction, and that he have present with him his authority to make the arrest. And it is a familiar principle that a man has the right to protect his liberty by using all the force necessary.

It is apparent from the conceded facts that these two men seized forcibly upon the defendant for the purpose of subjecting him to the execution of this process. We do not think that such procedure can be tolerated in this court. The motion to discharge him from arrest should have been granted, and the order of arrest vacated, because of the abuse of the process.

The order should be reversed, with ten dollars costs and disbursements, and the order of arrest vacated, with ten dollars costs.

BRADY and DANIELS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and the order of arrest vacated, with ten dollars costs.