HIGGINS *et al. v.* DEWEY.

*(City Court of New York, General Term. December 27, 1890.)*

ARREST—PERSON BROUGHT FROM ANOTHER STATE—INVEIGLEMENT.

Defendant, a citizen of another state, and president of an insolvent corporation, notified plaintiffs, residents of New York city, and creditors of the corporation, that a meeting of the corporation's creditors would be held on a certain day. Plaintiffs replied by asking him to call on them before he went to the meeting. *Held*, that defendant, while in the city in response to plaintiffs' letter, was exempt from arrest at their instance, though he did not arrive until after the date originally fixed for the meeting, and though plaintiffs swear that they had no intention of arresting him until after they had conversed with him, when they found his statements very unsatisfactory. FITZSIMONS, J., dissenting.[1]

Appeal from special term.

Action by Eugene Higgins and others against William C. Dewey. Defendant is a citizen of Massachusetts, and while in New York city was arrested at the instance of plaintiffs. Defendant moved that the order of arrest and the service thereof be set aside, for the reason that he had been inveigled by plaintiffs to come within the jurisdiction of the court. His motion was granted, and plaintiffs appeal.

Argued before McADAM, C. J., and FITZSIMONS and VAN WYCK, JJ.

*Gruber, Bard & Landon*, for appellants. *F. A. Burnham*, for respondent.

PER CURIAM. To "inveigle" is to persuade to something bad or hurtful, by deceptive arts or flattery; to wheedle; to allure; to entice; to seduce. Webst.

---

[1] See note at end of case.

Dic. In a legal sense, (as applicable in this case,) it is to induce a party to come within the jurisdiction of the court by some scheme, subterfuge, fraud, trick, device, or misrepresentation, that he may be served with process. *Baker* v. *Wales*, 14 Abb. Pr. (N. S.) 331. *Carpenter* v. *Spooner*, 2 Code R. 140, affirmed, 2 Sandf. 717, 3 Code R. 23; *Metcalf* v. *Clark*, 41 Barb. 45. The defendant wrote to the plaintiffs from Palmer, Mass., September 17, 1890, that the creditors of a corporation, in which all the parties were interested, would be called together on Friday of the following week. The plaintiffs, under date of September 22d, replied that Mr. Wood, one of the plaintiffs, would like to see him (the defendant) before he went to the meeting. It does not clearly appear where the meeting was to be held, but it was presumably to be held at Palmer, Mass., where the corporation did business. The defendant came to New York, September 30, 1890, in answer to the plaintiffs' letter, and was thereafter and on the same day arrested on the order granted herein. The summons is dated September 16th, and the papers sworn to September 17th, but the order to arrest was not granted until September 30th. The plaintiffs swear that, although they contemplated arresting the defendant, they abandoned the intention until after they had conversed with him on September 30th, and that his statements were so unsatisfactory that they instructed their attorney to proceed with the arrest, and proceedings were thereupon instituted. Where a defendant enters this state voluntarily, he comes at his own risk, and creditors may avail themselves of legal remedies against him. *Atlantic, etc., Tel. Co.* v. *Baltimore & O. R. Co.*, 46 N. Y. Super. Ct. 377, on appeal, 87 N. Y. 355; *Browning* v. *Abrams*, 51 How. Pr. 172, limiting *Adriance* v. *Lagrave*, 59 N. Y. 110, and *Lagrave's Case*, 14 Abb. Pr. (N. S.) 333, note. We feel constrained to hold, however, that the letter written by the plaintiffs brought the defendant on to New York, and that while here, under their letter, he was exempt from arrest at their instance. The order appealed from goes too far. It sets aside the order of arrest as well as the service. In this respect the order is erroneous. *Metcalf* v. *Clark*, 41 Barb. 45. In so far as it vacates the order of arrest, the order appealed from will be reversed, and in so far as it sets aside the service thereof (the irregularity charged) it will be affirmed, without costs to either party.

McADAM, C. J., and VAN WYCK, J., concur.

FITZSIMONS, J., (*dissenting*.) This is an appeal from an order made vacating an order of arrest against the defendant, and the service made thereunder, upon the ground that the defendant, who it appears is a resident of Massachusetts, was enticed by plaintiffs within the jurisdiction of this court, for the purpose of serving upon him said process. The application for the vacation of said order of arrest and service thereof is based upon technical grounds and reasons, and should not be encouraged or supported unless the defendant demonstrates that he was enticed by plaintiffs within the jurisdiction of this court, for the purpose of having said process served. If from the affidavits submitted it is possible for the court to conclude that the presence of the defendant in this city at the time of such service was voluntary, then it seems to me that it is our duty to so determine. The law of this case is plain and undisputed. Before the defendant can succeed he must prove that, by subterfuge, scheme, enterprise, pretense, or design, he was brought within the jurisdiction of this court by plaintiffs for the purpose of serving process upon him; if he fails to prove this, then he cannot succeed. I have carefully examined the facts presented by the papers submitted, and it seems that all the facts and circumstances show that the defendant came to this city voluntarily, and for the purpose of transacting his business, and not, as he would have us believe, that he came here at the invitation of plaintiffs, and solely

for the purpose of seeing them, and then immediately to return to his home in Massachusetts.   The facts developed upon the argument of this appeal and by the papers are about as follows:  The defendant, at and prior to his arrest, was the president of the Palmer Carpet Company, of Palmer, Mass.   This company at that time had some trouble with its creditors, nearly all of whom conducted business in this city, the plaintiffs being among them.   On September 17, 1890, the defendant wrote plaintiffs a letter, as follows:  "GENTLEMEN:  There have been so many delays that it has been impossible to decide what to do.   I think, however, that the creditors will be called together next week about Friday."   The Friday mentioned is September 26th.   In response to said letter, the plaintiffs wrote to defendant on September 22, 1890, a letter as follows:  "Your favor of the 17th inst. came duly to hand, and in reply would say our.Mr. Wood would like you to call and see him at this office, if you can possibly do so, before the meeting."   And this is the letter that induced defendant, as he says, to come to this city on September 30th, and visit plaintiffs at their office, where, after a conversation, he was arrested by the sheriff.   The defendant's letter to plaintiffs fixes the probable meeting of creditors of the defendant's company for some time during the next week, which would end on Saturday, September 27th, and a reasonable construction of that letter would be that, he having mentioned Friday as about the day of the meeting, he meant on or before that day; therefore, if plaintiffs' letter, written as a response to this letter, is to be construed by this court as an invitation coming from plaintiffs to defendant to visit this city, then it seems to me that the last day that said invitation included was Friday, September 26th, and then it ceased; and if defendant visited this city subsequent to that day, as he did, for he was arrested here on September 30th, I think it is only fair and reasonable to assume that he came here of his own free will and for business purposes, and his actions bear out this assumption; for although he swears that he came here in response to plaintiffs' letter, and solely for the purpose of seeing them, yet on that very day, and before his arrest, he called at the office of Patrick Dougherty, another creditor of defendant's company, and said he wanted to see said Dougherty (who was then absent) in reference to business, and waited for one-half hour for that purpose.   This visit to Dougherty's office, as well as plaintiffs', I think, clearly indicates that defendant was here on September 30th for the purpose of visiting the creditors of his company in this city, for the purpose, perhaps, of arranging some settlement of their claims, and this purpose was probably set aside by his arrest. Although defendant's company was a Massachusetts corporation, yet its creditors, as admitted on the argument, were principally in this city, and, as defendant's letter shows he contemplated calling them together, there is nothing to show that defendant intended that such meeting would be held in Palmer, Mass., and therefore it is reasonable to assume that such meeting being for the benefit of defendant's company, he on behalf of his company would have such meeting held at a place most suitable and convenient for them, which place would certainly be somewhere in this city, (and plaintiffs, upon receipt of defendant's letter, acting upon this theory, invited him to call at their office before such meeting was held.)   Every person of ordinary common business experience knows that this is the course ordinarily pursued by business men or corporations in straitened circumstances financially; however, it appears (by admission made upon the argument of this appeal) that the defendant abandoned the idea of holding a meeting of his creditors here or in Massachusetts, or in any other place, on or before or since Friday, September 26th, and the next time he is heard from is on September 30th, when he visited Dougherty's and plaintiffs' offices to discuss his business matters, and was arrested.   I believe that all the facts and circumstances of and surrounding this case show that the defendant came here voluntarily, and for the purpose of settling the financial difficulties of his company, and

that the letter written by plaintiffs did not influence his coming, and that his contention that he was enticed here by plaintiffs can be sustained only by straining the facts and circumstances of this case, which I believe is not the policy or purpose of the law. Every presumption of both law and fact is at all times in favor of sustaining the legality of a process and its service, and such presumptions should surely be indulged in, in cases of this character. For these reasons I am of the opinion that the order vacating the order of arrest, and the service thereof, should be reversed, with costs. Order reversed, as far as it vacates the order of arrest, and in so far as it sets aside the service affirmed, without costs.

### NOTE.

FRAUDULENT SERVICE OF PROCESS. Plaintiff delivered to his wife, as she was embarking on a voyage to San Francisco, with his consent and procurement, a sealed box, saying that it contained a present for her mother, living in San Francisco, and also a note for herself. After the ship was at sea she opened the box, and discovered that it contained only a summons in a suit for divorce against her, but it was then impossible for her to return to New York in time to answer. It was held that, as the object of the service of summons is to notify defendant of the commencement of the action, and of the time allowed to prepare her defense, this service, which by a trick deprived her of such notice, was fraudulent, and would be set aside. Bulkley v. Bulkley, 6 Abb. Pr. 307.

—— LEAVING COPY AT RESIDENCE. Where plaintiff, who possesses a key to the house of defendant, her mother, but has no permission or authority to use it, unlocks the house, and leaves a copy of the summons in her action therein, the service is illegal, and will be set aside. Mason v. Libbey, 1 Abb. N. C. 354.

It is also an illegal service that is made by unlocking the office of defendant's counsel, and leaving a copy of the summons on his table, there being no person in the office at the time, and counsel himself being sick at the time, and unable to come to his office. Campbell v. Spencer, 1 How. Pr. 199.

—— DECOYING PARTY INTO JURISDICTION. Service had upon defendant, who has been induced to come into the state by letters informing him that plaintiff or other persons desire a business interview, or proposing negotiations for his employment, is fraudulent, and will be set aside. Metcalf v. Clark, 41 Barb. 45; Wyckoff v. Packard, 20 Abb. N. C. 420; Dunham v. Cressy, 4 N. Y. Supp. 13; Allen v. Wharton, 13 N. Y. Supp. 38.

Where it is shown that plaintiffs kept in their office parcels of summons, with blanks for defendants' names and the amounts claimed, and one of these is served on defendant, who is induced by letter to come from another state, the service will be deemed fraudulent, though plaintiffs make affidavit that the letter was written and the interview sought for the sole purpose of arriving at a settlement of their claim against defendant. Baker v. Wales, 35 N. Y. Super. Ct. 403.

Where defendant is fraudulently induced to come to New York city for the purpose of serving summons on him in an action for libel in the superior court, it is no excuse that defendant has so excited public feeling against plaintiff in Brooklyn, where both parties live, that the latter cannot hope for a fair trial there. Carpenter v. Spooner, 2 Sandf. 717.

The alleged fact that defendant was brought into the state by fraudulent extradition proceedings instituted by creditors, for the purpose of getting him within the jurisdiction of her courts, is no ground for setting aside service of summons upon him in an action by parties in no wise concerned in so procuring him to be brought into the state. Adriance v. Lagrave, 59 N. Y. 110.