HIGGINS *et al. v.* DEWEY.

*(Common Pleas of New York City and County, General Term.* June 1, 1891.)

1. APPEAL—REVIEW—DISCRETION OF TRIAL COURT—ERROR OF LAW.

    Where an adjudication of the general term of the city court of New York pro-ceeded expressly on the ground that an order of the special term vacating an order of arrest, was erroneous as matter of law, an objection to a review of that adjudi-cation cannot be made upon the ground that the vacation of an order of arrest is a matter within the discretion of the trial court.

2. ARREST IN CIVIL CASES—FRAUDULENT SERVICE OF ORDER.

    When illegal service of a valid order of arrest is made by inveigling defendant within the jurisdiction of the court, the arrest may be set aside without vacating the order itself.

    Affirming 13 N. Y. Supp. 570.

Appeal from city court, general term.

Action by Eugene Higgins and John D. Wood against William C. Dewey. From an order of the general term, affirming an order of special term, vacating the service of an order for defendant's arrest, plaintiff appeals, and from so much of the same order reversing an order of special term, vacating the order of arrest itself, defendant appeals.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Gruber, Bard & Landon,* (*Henry L. Langdon,* of counsel,) for plaintiffs. *F. A. Burnham,* for defendant.

PRYOR, J. A summons having issued, and an order of arrest against the defendant having been obtained, because of fraud in incurring the liability upon which he was sued, on motion at special term of the city court the service of the summons and of the order of arrest and the order of arrest it-self were vacated and set aside, on the ground that the plaintiffs had enticed him into the jurisdiction of the court for the purpose of such service and ar-rest. On appeal to the general term the order of the special term was af-firmed, except in so far as it vacated the order of arrest, and in this particu-lar it was reversed. From so much of the order of the general term of the

city court as affirms the order at special term, the plaintiffs appeal. From so much of the order of the general term as reverses the order at special term the defendant appeals. The finding of the special term of the city court, on sufficient evidence, that the defendant was enticed within the jurisdiction for service and arrest, having been affirmed by the general term, is not open to review upon this appeal, but must be accepted by us as an incontrovertible fact in the case. *Stringfield* v. *Fields*, 13 Daly, 171; *Walsh* v. *Schulz*, 12 Daly, 103; *McEteere* v. *Little*, 8 Daly, 167; *Clarke* v. *Lourie*, 82 N. Y. 580; *Allen* v. *Meyer*, 73 N. Y. 1. The question, then, is whether the inveigling the defendant into the jurisdiction with the purpose of subjecting him to process and arrest be sufficient ground in law for setting aside the service of such process and arrest; and that it is so sufficient the authorities do not leave us at liberty to doubt. *Dunham* v. *Cressy*, 4 N. Y. Supp. 13; *Martin* v. *Woodhall*, Id. 539; *Ziporkes* v. *Chmelniker*, 15 N. Y. St. Rep. 215; *Baker* v. *Wales*, 14 Abb. Pr. (N. S.) 331; *Carpenter* v. *Spooner*, 2 Sandf. 717; *Smith* v. *Meyers*, 1 Thomp & C. 665; *Browning* v. *Abrams*, 51 How. Pr. 173; *Slade* v. *Joseph*, 5 Daly, 187; *Lagrave's Case*, 14 Abb. Pr. (N. S.) 334, note; *Steiger* v. *Bonn*, 59 How. Pr. 496; *Goupil* v. *Simonson*, 3 Abb. Pr. 474; *Williams* v. *Bacon*, 10 Wend. 636; and citations *infra*. It results, therefore, that so much of the general term order as affirms the order at special term is correct, and must be sustained. On the defendant's appeal the question is whether it was error merely to set aside the arrest, instead of vacating the order of arrest itself. The plaintiffs contend that whether the court should have set aside the arrest only, or the order also, was matter of discretion, and so is not reviewable by this tribunal. But the adjudication of the general term of the city court proceeded expressly on the ground that the order of the special term vacating the order was erroneous as matter of law, and this ruling presents a question for our consideration. *Tilton* v. *Beecher*, 59 N. Y. 176; *Tolman* v. *Railroad Co.*, 92 N. Y 353. Was it legal error to refuse to vacate the order of arrest because the arrest was wrongfully effected? The validity of the order is unchallenged and unchallengable. It was duly awarded, upon sufficient ground, and by competent authority. The vice complained of is not in the order, but in the manner of its service; and, logically, the remedy should be directed against the wrong. Moreover, by his discharge from arrest the defendant received complete reparation for his injury. An order valid in itself cannot be invalidated by faulty execution, and the redress is perfect when the fault in execution is corrected. No legal principle or exigency of justice requires that the remedial provision should reach beyond the wrong, and suppress the right as well. The defendant argues that there was an abuse of process, and an abuse of process will be corrected by the court. True, the court will see that its process be not abused; but to remedy the abuse is one thing, to abolish the use quite another. The abuse is corrected by relieving from its consequences, and, in a proper case, remitting the injured party to his action for damages. Here, however, was no abuse of process. Process is abused when perverted to a purpose beyond or beside its legitimate scope and office, (*Benninghoff* v. *Oswell*, 37 How. Pr. 235; *Grainger* v. *Hill*, 4 Bing. N. C. 212; *Rossiter* v. *Paper Co.*, 37 Minn. 296, 33 N. W. Rep. 855,) while in the present case the order of arrest was applied to the very purpose for which it issued. True, defendant was exempt from arrest under the order so obtained; but arrest of a privileged person gives no action for false imprisonment. *Deyo* v. *Van Valkenburgh*, 5 Hill, 244; *Smith* v. *Jones*, 76 Me. 138. In reason, therefore, the remedy for a wrongful arrest under a valid process is the discharge of the person, and not the vacation of the process, and so are the authorities. In *Barlow* v. *Hall*, 2 Anstr. 461, a party was confined without writ until a writ could be obtained, and then arrested upon it. The court said: "The defendant has been seized illegally. That

illegal confinement has been continued under our process. He must be discharged." In *Lyford* v. *Tyrrel*, 1 Anstr. 85, the defendant was seized Sunday, and detained until Monday, when he was arrested on a debt of £500. He was discharged. In *Luttin* v. *Benin*, 11 Mod. 50, HOLT, C. J., said: "If a man is wrongfully brought into jurisdiction, and then arrested, yet he ought to be discharged." "If the party be illegally arrested, or detained, though the process be valid, this is ground for his discharge." 3 Hill, 666, note: *Loveridge* v. *Plaistow*, 2 H. Bl. 29; *Birch* v. *Prodger*, 1 Bos. & P. (N. R.) 135; *Wells* v. *Gurney*, 8 Barn. & C. 769, and cases *supra*. Often as the courts have relieved from arrests obtained by enticing the party within the jurisdiction, counsel for defendant adduces but four instances in which, as he alleges, the process itself has been vacated; but he is mistaken in his construction of three of those cases. In *Lagrave's Case*, 14 Abb. Pr. (N. S.) 333, note, there was a technical abuse of process in instituting a criminal proceeding for a civil purpose; but the prisoner was merely "discharged from the orders of arrest," (page 343,) the orders themselves not being disturbed. *Benninghoff* v. *Oswell*, 37 How. Pr. 235, again, was an abuse of process by an arrest on a criminal charge for the purpose of coercing settlement of a private claim; and here, too, "the arrest was set aside," but not the order. Page 236. In *Seaver* v. *Robinson*, 3 Duer, 622, the defendant was served with a summons here while attending as a witness from another state, and "the service of the summons was set aside." In *Harland* v. *Howard*, 10 N. Y. Supp. 449, the defendant was forcibly detained until the sheriff could arrest him on civil process, and the adjudication was that "he should be released." True, the court vacated the order of arrest, but no authority was cited or reason given for the ruling; nor does it appear that attention was directed to the distinction between setting aside the arrest and vacating the order,—a distinction recognized and respected in *Metcalf* v. *Clark*, 41 Barb. 48. In that case the service of the summons—not the summons itself—was set aside, and the attachment was vacated, because "in no case is a warrant of attachment authorized against executors." Upon principle and authority, therefore, the general term of the city court rightly reversed the order vacating the order of arrest. It follows that the order appealed from should be affirmed, but without costs to either party. All concur.