DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment appealed from affirmed, with costs.

---

JOHNSTON W. BEACOM, Appellant, *v.* LUCIUS ROGERS, Respondent.

*Enticement of a non-resident within the jurisdiction of a court — service of papers upon him set aside.*

Upon the appeal from an order setting aside the service of a summons, complaint and order of arrest in an action, and dismissing the action, with costs, and from the judgment entered thereon, the papers showed that the defendant, a non-resident of the State of New York, was enticed into the State for the purpose of procuring his arrest and serving the summons and complaint upon him.

*Held*, that such order properly vacated and set aside the service of the summons as well as the service of the order of arrest;

That it should not have dismissed the action, with costs, when the summons was properly issued to the sheriff and the order of arrest obtained upon sufficient papers and properly delivered to the sheriff;

That the service was improper only because of the enticement of the defendant within the jurisdiction of the court.

APPEAL by the plaintiff, Johnston W. Beacom, from a final judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Cattaraugus on the 22d day of November, 1893, upon the decision of the court rendered after a trial at the Cattaraugus Special Term, and also from an order made at the Erie Special Term and entered in the office of the clerk of the county of Cattaraugus on the 22d day of November, 1893, granting the defendant's motion to set aside the service on the defendant of the summons and complaint and order of arrest, and dismissing the action.

*Crowley & Riley*, for the appellant.

*William H. Henderson*, for the respondent.

HAIGHT, J.:

The appeals from the judgment and from the order were separately taken, and we have been furnished an appeal book upon each appeal. There was but one action and both appeals are in that action, and we shall consequently consider them together.

The papers show that the defendant was a resident of Smethport, McKean county, Penn.; that he was enticed within this State for the purpose of procuring his arrest and the service of the summons and complaint.

The order appealed from properly vacated and set aside the service of the summons, as well as the service of the order of arrest, but it should not have dismissed the action, with costs. The summons was properly issued to the sheriff; the order of arrest, we must assume, was obtained upon sufficient papers and was properly delivered to the sheriff. The service only was improper because of the enticement of the defendant within the jurisdiction of this court.

In *Higgins* v. *Dewey* (27 Abb. N. C. 81; S. C., 34 N. Y. St. Repr. 692) the order set aside the service and vacated the order of arrest. On appeal the order was reversed in so far as it vacated the order of arrest.

In *Metcalf* v. *Clark* (41 Barb. 45) the Special Term set aside the summons. On review it was held that the service only should have been set aside.

The order contained no direction for the entry of final judgment, and we think the judgment entered was irregular and that it could have been set aside on motion.

The appeal from the order was from the whole thereof. The appellant only succeeds in part; no costs should, therefore, be allowed.

The appeal from the judgment should be dismissed and the judgment vacated, without costs to either party. The appeal from the order should be modified by striking therefrom the clause, " and the said action is dismissed, with costs," and, as so modified, affirmed, without costs of this appeal to either party.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Appeal from the judgment dismissed and judgment vacated, without costs to either party.

Order appealed from modified by striking therefrom the clause, "and the said action is dismissed, with costs," and, as so modified, affirmed, without costs of this appeal to either party.