(19 Misc. Rep. 618.)

### GRAVES v. GRAHAM.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

PROCESS—SERVICE—INDUCING DEFENDANT TO COME WITHIN JURISDICTION.

　　Service of summons, and all proceedings thereunder, will be set aside where defendant was induced to come within the jurisdiction of the court under an arrangement with plaintiff to try the cause on a certain day, and plaintiff, after service of summons thus secured, refuses to carry out his agreement.

Appeal from city court of New York, general term.

Action by Thomas Graves against Robert J. Graham. From the affirmance of an order vacating and setting aside the service of summons and the execution of an order of arrest (43 N. Y. Supp. 510), plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

O. P. Buel and H. E. Lee, for appellant.

Jones & Govin, for respondent.

BISCHOFF, J. The order from which this appeal is taken directed that the service of the summons and the execution of an order to arrest the defendant be set aside; the basis of the matter being that the defendant's appearance and submission to the jurisdiction were in performance of an agreemnt upon the plaintiff's part to proceed at once with the trial of the cause, waiving a jury trial, which, because of the summer adjournment of the trial term, could not then be had, and that the plaintiff, after availing himself of the defendant's appearance, repudiated the agreement and declined to try the cause as stipulated. Our province is not to determine controverted questions of fact, which the justice below has resolved with the approval of the general term, but extends only so far as a question of law is presented by the record; and so in this case the inquiry is whether the order under review was war-

ranted, taking all the allegations of the moving affidavits most strongly in favor of the respondent, and we can have no hesitation in holding that it was. Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996; Paige v. Chedsey, 4 Misc. Rep. 183, 23 N. Y. Supp. 879. The defendant, during the interval of time material to this litigation, resided without the jurisdiction of the court, and the order of arrest obtained July 8, 1896, could not be executed. A seafaring man by occupation, he intended to commence a voyage on the 12th day of September, 1896, and was prepared to come into the jurisdiction, furnish bail, and present his defense to the plaintiff's action, should the trial proceed at a time sufficiently early for him to join his ship; and, with a view to thus disposing of the matter, his counsel, together with counsel for the plaintiff, appeared before one of the justices of the court below, at trial term, on September 8, 1896, and it was then agreed that the trial should be had on the 10th of the same month, without a jury, since none was obtainable, the defendant to appear voluntarily at that time. That there was actually such an agreement upon the plaintiff's part is not seriously disputed, and is amply supported by the record. Accordingly the defendant was notified by his counsel to come to this city, which he did, arriving on the morning of September 9th, and proceeding to procure his bail; but it appears that at half past 6 o'clock in the evening of the day before the plaintiff's attorneys had notified the clerk of the defendant's attorneys that it would be inconvenient for them to try the cause as arranged, suggesting a later date, which was not acceded to. Upon hearing of this the morning of September 9th, defendant's counsel served a notice that the defendant would be produced in court as agreed, and that an immediate trial would be demanded. Defendant accordingly was produced, his bail was accepted, and the cause moved for trial, but the motion was met by the plaintiff's counsel demanding a trial by jury, and upon this demand the cause was set down for trial at the October term of the court,—a result which, if suffered to remain unaffected, worked an unmitigated injustice to the defendant, under the circumstances of the case. The appellant's contention is that there had been, in effect, a mutual rescission of the agreement before the defendant submitted himself to the jurisdiction of the court; but, while the affidavits presented for the plaintiff upon the motion tend to show some such fact, this was not the fact accepted by the justice, who credited the express denial of the matter contained in the affidavits submitted in support of the motion, and for this appeal his finding of the fact must also be ours. Higgins v. Dewey (Com. Pl.) 14 N. Y. Supp. 894. It is further claimed that there was a voluntary appearance by the defendant, with a waiver of the plaintiff's agreement, because, after notice that the plaintiff's attorneys were unwilling to try the cause as stipulated (referring to the conversation between counsel and the defendant's attorneys' clerk on the evening of September 8th), the defendant nevertheless appeared. If, from the conversation referred to, a distinct repudiation of the agreement by the plaintiff's representatives was to be gathered,—which is by no means clearly the fact,—still the defend-

ant's appearance was not in acquiescence with any such repudiation, but was directly in affirmance of the agreement, as appears from the notice of appearance, which the plaintiff's attitude called forth, and from the proceedings in court when the appearance of the defendant in person was made. It requires no argument to show that there was no waiver under these circumstances, since there was not a single act upon the defendant's part, inconsistent with the agreement, from which a consent to its rescission could be implied. He stood directly upon the terms of the stipulation, and his right so to do was not affected by the other party's breach. A party coming within the jurisdiction voluntarily, under an agreement which provides for a specific course of procedure in the litigation, is to be protected, where, through the adverse party's disregard of his own obligation, the appearance is taken advantage of, contrary to the terms of the agreement. Allen v. Wharton (Sup.) 13 N. Y. Supp. 38. And there can be no doubt that the court properly relieved the defendant in this case. 22 Am. & Eng. Enc. Law, 166, and cases collated in note 1; Wilson v. Donaldson (Ind. Sup.) 3 Lawy. Rep. Ann. 266, note; s. c. 20 N. E. 250.

Order affirmed, with costs. All concur.