(20 Misc. Rep. 284.)

### HARTWIG et al. v. EVERETT et al.

(Supreme Court, Appellate Term.  May 27, 1897.)

APPEAL—REVIEW BY APPELLATE TERM—CONFLICTING AFFIDAVITS.

The appellate term of the supreme court on appeal from the general term of the New York city court will not review questions arising on conflicting affidavits.

Appeal from city court of New York, general term.

Action by Louis Hartwig and another against Randolph C. Everett and another.  From an affirmance of an order denying a motion that service of the summons be set aside (44 N. Y. Supp. 1119), defendant Scarborough appeals.  Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Henry B. Corey, for appellants.
Richard Marvin, for respondents.

BISCHOFF, J.  The papers upon this appeal disclose facts upon which the determination of the court below may well have proceeded, in the exercise of discretion, favorably to the respondents; and we may not, therefore, disturb the result.  It was claimed for the defendants that they were caused to come within the jurisdiction through deceit upon the part of the plaintiffs, or of their attorney, in proposing a meeting for the purposes of an intended settlement, which meeting had an outcome only in the service of process; but, while the court below might well have caused the service to be set aside, if impressed with the truth of these allegations, the fact was found to be in accordance with the affidavits furnished in opposition, which contained averments that the presence of the defendants was due only to the request of their own attorneys, and that the meeting was had for the purpose of settling a claim which these defendants made against the plaintiffs.  The difference between the parties arose, originally, out of the defendants' failure to deliver certain pulp in accordance with an agreement for its sale and delivery, a part having been delivered and partial payment made.  Alleging that they had resold this pulp in advance, the plaintiffs claimed damages arising out of their resulting inability to deliver; and the defendants, on the other hand, held themselves as entitled to a certain sum unpaid for the goods actually delivered.  On behalf of the defendants, it is alleged that they were induced to come to the office of their attorneys in this city through representations made to them by a "stranger," who called at their place of business in New Jersey, touching the desire of the plaintiffs for an amicable settlement of their dispute, and further averments were made by the defendants' attorneys to the effect that their clients were instructed by them to attend a meeting requested by the plaintiffs' attorney for this purpose.  Against this we have the affidavits of the plaintiffs, of their attorney, and others, showing that no person had been authorized by them to interview the defendants personally for the purposes of a settlement, and it was also made to appear that the meeting had been arranged for the defendants' benefit by their

attorneys, without any specific request upon the part of the plaintiffs; the object having been to arrange, if possible, with the party to whom the pulp had been resold by the plaintiffs for the satisfaction upon his part of the defendants' claim for the balance unpaid on account of the goods delivered. It is alleged that the interview closed with the expressed determination of the defendants to bring an action against the plaintiffs, and that the summons in this action was then caused to be served. More than this, the plaintiffs' affidavits show that there had been an earlier opportunity for service upon the defendants, but it was not availed of, because of the negotiations for settlement. Enough was shown to support the determination reached by the court below, that the service, as made, was not in the course of unfair practice upon the part of the plaintiffs, or in their behalf; and, so far as our jurisdiction of review extends, the appeal cannot succeed, since questions arising upon conflicting affidavits are not the subject of determination here. Graves v. Graham, 19 Misc. Rep. 618, 44 N. Y. Supp. 415.

Order affirmed, with costs. All concur.