MARY GARABETTIAN, Respondent, *v.* PETER GARABETTIAN, Appellant.

First Department, November 2, 1923.

Husband and wife — separation — service of summons and complaint and motion papers on application for temporary alimony and counsel fee set aside where defendant is fraudulently enticed within this jurisdiction for purpose of service.

In an action for separation against a non-resident, the personal service in this State of the summons and complaint and motion papers on an application for temporary alimony and counsel fee will be set aside, where it appears that the defendant was induced to come into this State by false statements that if he would come here he might transact certain business to his profit.

APPEAL by the defendant, Peter Garabettian, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 25th day of July, 1923, denying the defendant's motion to set aside the service of the summons and complaint and motion papers in an application for temporary alimony and counsel fee.

*Frank Pascarella* of counsel, for the appellant.

*Greenspan & Morris* [*Herman Morris* of counsel], for the respondent.

MARTIN, J.:

The defendant sought to set aside the service of papers upon the ground that he was enticed into the jurisdiction of this court by fraud and deceit. In the moving affidavit it is averred that defendant was called to the telephone at his place of business, a barber shop at Hackensack, N. J., and was asked about selling it; that the party speaking said he had a purchaser for a barber shop, and suggested that he would telephone again and would arrange to meet defendant in New York; that defendant learned of a barber shop in Hackensack for sale; that subsequently he received another telephone message purporting to be from the same man who had previously telephoned him, who, on this occasion, suggested that defendant might make some money on the sale and that he

meet the speaker in New York; that this conversation led to an arrangement for defendant to call at No. 52 Lexington avenue, New York city, at a stated time; that defendant kept the appointment and was met by a man about forty-five years of age, who handed him the papers above referred to, and who, upon being questioned by defendant, said that it was for the purpose of serving the papers he was wanted in New York, and said "this is the only way I could get you."

Nothing to contradict these allegations was produced excepting an affidavit of one of plaintiff's attorneys denying them upon information and belief, and stating that he was unable to secure an affidavit from the process server.

Where, as here, it appears that a defendant has been enticed into the jurisdiction by fraud and deceit, the service of papers thereby effectuated will be vacated. (*Olean R. Co.* v. *Fairmount Co.*, 55 App. Div. 292; *Wyckoff* v. *Packard*, 20 Abb. N. C. 420; *Dunham* v. *Cressy*, 4 N. Y. Supp. 13; *Blandin* v. *Ostrander*, 239 Fed. Rep. 700.)

The order should be reversed and the motion granted.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Order reversed and motion granted.