ALBERT H. SHILLMAN and Another, Copartners Trading under the Firm Name and Style of SOUTHERN YARN EXCHANGE, Respondents, *v.* HARRY TOULSON and Another, Copartners Trading under the Firm Name and Style of TOULSON & RENESCH, and Others, Appellants.

First Department, January 9, 1925.

References — references on motions disapproved — process — motion to set aside service of summons on ground of fraud — improper to order reference — affidavits conclusively establish that defendant was enticed into jurisdiction by fraud — service set aside.

The Appellate Division again reiterates that orders of reference upon the disposition of motions are not encouraged, should rarely be made, and should be resorted to only in exceptional cases, where the interests of justice require the unravelling of complicated facts, which cannot be determined upon hopelessly conflicting affidavits. Litigants are entitled to have ordinary matters involving no unusual issues determined by the court without the expense and delay involved in a reference.

It was improper, therefore, for the court to order a reference on a motion to set aside the service of the summons on one of the defendants, which was made on the ground that said defendant was enticed into this jurisdiction in order that he might be served, for it conclusively appears that the service was the result of fraud and trickery practiced upon the defendant.

The service of the summons is set aside.

APPEAL by the defendants, Harry Toulson and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of October, 1924, appointing a referee to take testimony and report to the court.

*Ernst, Fox & Cane* [*Melville H. Cane* of counsel], for the appellants, appearing specially.

*Glasser & Rohrlich* [*Chester Rohrlich* of counsel], for the respondents.

DOWLING, J.:

The plaintiff, a partnership, having its office in the city of Baltimore, in the State of Maryland, made a contract with the defendants Toulson and Renesch, a copartnership, having its office in the city of Bridgeport, in the State of Connecticut, for shipment to the former by the latter of certain yarns from Connecticut to Baltimore, Md., to be sold upon consignment, which yarns plaintiff was to sell at stipulated prices to be fixed. Thereafter the individual defendants organized a corporation known as Sig-Knit-Ring Yarn Sales Corporation, which is alleged to have assumed all the obligations, liabilities and agreements of the partnership with the plaintiffs. Thereafter the individual defendants organized the Toulson Yarn Co., Inc., which in turn assumed all the agreements, liabilities and obligations of the copartnership and of the Sig-Knit-Ring Yarn Sales Corporation. Sig-Knit-Ring Yarn Sales Corporation was a Delaware corporation. It was dissolved in February, 1924. Toulson Yarn Co., Inc., was a Connecticut corporation. The copartnership of Toulson & Renesch was dissolved in January, 1924, and of this plaintiffs were duly notified in writing. This left the Toulson Yarn Co., Inc., the only one of the defendants still doing business when this action was brought to recover damages for failure of the defendants to carry out the terms of the agreement on which the yarns were consigned to plaintiffs by reason of their refusal to accept the return of the unsold merchandise in plaintiffs' hands and to remit to them the sum of $9,012.46 already paid to them therefor by plaintiffs.

The summons was served on Harry Toulson in the city of New York, and as triplicate sets of the summons and complaint were served upon him, he was evidently served as a member of the defendant copartnership and as an officer or director of the two defendant corporations. He made a motion to vacate the service of the summons and complaint upon him upon the ground that the service was improper and was obtained by fraud and deceit. Affidavits having been submitted in support of the motion and in opposition thereto the learned court at Special Term appointed a referee to take testimony with reference to the facts " connected with the service of the summons and complaint upon the defendant Toulson," and also " as to whether the corporation defendants were doing business within the State of New York," and to report the testimony together with his opinion thereon with all convenient speed to the court for further action.

Upon the affidavits before the court there was no necessity for

22

the appointment of a referee. This court has repeatedly held that orders of reference upon the disposition of motions are not encouraged, should be rarely made, and should be resorted to only in exceptional cases, where the interests of justice require the unravelling of complicated facts, which cannot be determined upon hopelessly conflicting affidavits. (See *Slutzkin* v. *Gerhard & Hey, Inc.*, 195 App. Div. 559; *Miller* v. *Albertina Realty Co., Inc.*, 198 id. 340; *Clift & Goodrich, Inc.,* v. *Collier Mills, Inc.*, 204 id. 539.) Litigants are entitled to have ordinary matters involving no unusual issues determined by the court without the expense and delay involved in a reference.

In the present case it conclusively appears that the service upon Toulson was the result of fraud and trickery practiced upon him by the uncle of both of the plaintiffs with the knowledge and connivance of plaintiffs, as the result of which Toulson was enticed into this jurisdiction in order that he might be served with the summons. This requires the vacating of the service. (*Garabettian* v. *Garabettian*, 206 App. Div. 502.)

As to the defendant corporations, it is conclusively established that neither of them was doing business within this State at the time the service of the summons was made. (See Civ. Prac. Act, § 229; Gen. Corp. Law, § 47, subd. 4, as added by Laws of 1920, chap. 916.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate the service of the summons granted, with ten dollars costs.

CLARKE, P. J., MERRELL, MARTIN and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.