All concur; present, CALLAHAN, FRANKENTHALER and SHIENTAG, JJ.

CO-ORDINATING CORPORATION, Appellant, *v.* THE MENGEL COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, June 21, 1934.

*William A. Marden,* for the appellant.

*Tod Wool,* for the respondent.

PER CURIAM. As there was no issue of fact presented on the motion it was error to appoint a referee. (*Slutzkin* v. *Gerhard & Hey, Inc.,* 195 App. Div. 559; *Buchholtz* v. *Florida East Coast Ry. Co.,* 59 id. 566.)

Order reversed, with ten dollars costs and disbursements, and matter remitted to the court below for decision on the papers.

CALLAHAN and FRANKENTHALER, JJ., concur; SHIENTAG, J., dissents in part in memorandum.

SHIENTAG, J. (dissenting). I dissent in part.

The defendant, respondent, a foreign corporation, moved to vacate the service of the summons and complaint on the ground that it was not doing business in this State. The plaintiff, appellant, submitted no affidavits in opposition. It rested on the defendant's papers. The court below appointed a referee to take testimony and report " as to whether the defendant is doing business within the State of New York and as to whether this court has jurisdiction over the person of the said defendant." Pending the report of the referee the motion was held in abeyance.

From each and every part of said order, as well as from the whole thereof, the plaintiff has appealed to this court. Both sides assert that no issue of fact was presented on the motion. I agree, therefore, with my colleagues that it was error to appoint a referee. I disagree with their conclusion that the matter be remitted to the court below for decision on the papers. True, that was the procedure followed in *Buchholtz* v. *Florida East Coast R. Co.* (59 App. Div. 566). It does not appear that the point was there raised; moreover, the appeal was specifically limited to so much of the order as appointed a referee. In any event, the better and more logical practice would seem to be that followed in *Shillman* v. *Toulson* (211 App. Div. 336); *Municipal Mortgage Co.* v. *461 Eighth Avenue Co., Inc.* (195 id. 370) and *Slutzkin* v. *Gerhard & Hey, Inc.* (Id. 559). In each of these cases the appellate court, after

reversing the order below in so far as it provided for the appointment of a referee, decided the motion as it should have been done by the lower court. The same practice should be followed here.

The plaintiff, appellant, in its brief asks that the order of the court below be reversed and the motion to vacate the service denied. The defendant, respondent, argues on this appeal that if the appointment of a referee be held improper, the motion to vacate should, on the papers submitted, be granted.

It would serve no useful purpose to send the case back to the court below for decision on the papers. It would simply invite another appeal.

The modern tendency is to shorten rather than to prolong the process of litigation; to eliminate rather than to foster a multiplicity of appeals.

It appearing from the papers that the defendant was doing business in this State and was properly served, the order appealed from should be reversed, with ten dollars costs, and the motion to vacate the service denied.