Long Park, Inc., Suing for Itself and All Other Stockholders of Trenton-New Brunswick Theatres Company Similarly Situated, Respondent, *v.* Trenton-New Brunswick Theatres Company et al., Appellants, et al., Defendants.

Orders affirmed, with $20 costs and disbursements to the respondent.

Cohn, J. (dissenting). The application for counsel fees fails to show that the litigation conferred any substantial benefits upon the corporation for whose benefit it is claimed the declaratory judgment was obtained. In the absence of such proof, no allowance for counsel fees may be made. Nor should there be sanctioned what may prove to be a burdensome reference to ascertain whether there is any benefit to the corporation, when on the face of the papers submitted no substantial benefit has been indicated. (*Shillman* v. *Toulson*, 211 App. Div. 336.) Moreover, another motion for substantially similar relief previously made to another Special Term justice was denied on the merits. (*Henlun Holding Corp.* v. *Ess Bros. Holding Corp.*, 228 App. Div. 102, 103; *Mutual Life Ins. Co. of N. Y.* v. *160 East 72nd St. Corp.*, 272 App. Div. 48.)

Even if we were to assume that some service has been rendered to the defendant corporation by this stockholders' action, no fee in any event would be proper here. All the stockholders, including plaintiff, were voluntary parties to the agreement made in 1942, which was a renewal of a similar contract that had been in force for many years. Accordingly, if the contract were illegal and violated the corporation laws of New Jersey, plaintiff was a party to the illegality and is *in pari delicto* with the other stockholders who participated in the wrong. While ordinarily a fee is allowed for services rendered by a stockholder to its corporation, under the present circumstances there is no reason why the defendant Trenton-New Brunswick Theatres Company, which was injured by plaintiff's act, should pay a counsel fee to plaintiff's counsel. Plaintiff should itself pay the cost of undoing the wrong for which it itself was as much to blame as any of the other stockholders. The fact is that, although this is a minority stockholders' action in form, in substance it amounts merely to an action to rescind a mutual agreement of all the stockholders, and hence the expenses of it are personal to the parties.

The motion by appellants for resettlement to include certain recitals was proper and should have been granted.

The order directing a compulsory reference and the order denying resettlement of the earlier order were in my view erroneous and should be reversed and respondent's motion should in all respects be denied and appellants' motion for a resettlement should be granted.

Peck, P. J., Glennon and Van Voorhis, JJ., concur in decision; Cohn, J., dissents in opinion, in which Shientag, J., concurs.

Orders affirmed, with $20 costs and disbursements to the respondent. No opinion. [See *post,* p. 1033.]