■  ANNA ROCHE, Appellant, v. MARTIN HAUGH et al., Respondents.— Order unanimously affirmed, without costs, with leave to plaintiff to make a new application on competent medical proof based on a recent physical examination. In view of the fact that the defendants have had the advantage of a physical examination of the plaintiff they should, in the event that a new application is made and if they believe that the injuries are not sufficiently serious to warrant the granting of a preference, submit an affidavit by their examining doctor. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■  SHERRY SHUFFMAN, Respondent, v. FREDERICK SHUFFMAN, Appellant. — Order denying defendant husband's motion for leave to serve a supplemental answer is reversed in the exercise of discretion, and the motion granted, without costs. The proposed supplemental answer would add four alleged acts of adultery to defendant's counterclaim for divorce, which presently charges six other adulteries. Defendant's application was properly made under section 245 of the Civil Practice Act based as it was on the uncontroverted averment that acquisition of knowledge as to the alleged new acts of adultery followed service of the prior pleading. Courts must be liberal in permitting the service of amended and supplemental pleadings, particularly where no prejudice will result to the opposing litigant. Certainly in the instant case the time and effort of the court and the parties will be conserved by permitting the service of the supplemental answer and trying all of the issues in one suit rather than compelling a new, independent action. Under all of the circumstances, Special Term should have granted the motion. Settle order. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■  LILLIAN W. KNOLL, Respondent, v. SAMUEL M. KNOLL, Appellant.— Whether the defendant was a resident of the State of New York when the action was commenced presents an issue which cannot be determined upon the papers submitted. Under the circumstances that issue should be determined by a reference (Civ. Prac. Act, § 237-a, subd. 3, par. [b]). The plaintiff's motion for alimony and counsel fees is stayed until 10 days after the determination by the Official Referee (Civ. Prac. Act, § 237-a, subd. 5). The order at Special Term is therefore modified to the extent indicated and, as so modified, affirmed, on the facts and on the law and in the exercise of discretion, without costs. Settle order. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.