Simon J. Liebowitz, J.
Petitioner, bringing this proceeding against the New York Telephone Company on behalf of himself and purportedly on behalf of other telephone subscribers in the City of New York, alleges in substance and effect the following (as appears from the petition and annexed exhibit): that the telephone company mailed a notice to petitioner dated May 4, 1971 stating that petitioner’s telephone service would be sus *750 pended unless he paid by May 12,1971, past due charges totaling $122.67; that petitioner “ does not owe ” said sum; that the telephone service rendered to petitioner constitutes a property right in favor of petitioner, the deprivation of which would cause him ‘ ‘ irreparable harm ’ ’; that certain provisions of Public Service Commission Tariff No. 800, which permit the telephone company to suspend telephone service for nonpayment upon five days’ notice (§ 1, subd. H. 4) and which deem a bill to be correct if no objection is made within 30 days after it is rendered (§ 1, subd. H. 3) in effect authorize the telephone company to suspend telephone service at any time it deems in its own discretion that a bill is owing, with no prior opportunity afforded a subscriber to contest such a bill in an administrative or judicial forum; that said tariff provides for no adequate notice, furnishes no guidelines, is vague and unclear, and permits the telephone company to proceed in an arbitrary and discriminatory manner; and, that suspension of telephone service as authorized by section 1, (subd. H. 4), above mentioned, would deprive the petitioner and other subscribers of a property right without due process of law.
Petitioner asks the court to stay the threatened suspension • of service and for judgment declaring the challenged provisions of the tariff and the actions of the telephone company pursuant thereto to be unconstitutional and illegal.
The respondent telephone company’s assertion that the bill in question was for service covering a period of several months is not seriously disputed.
The challenged provisions of Tariff No. 800 (§1) read in pertinent part as follows:
‘1 H. PAYMENT AND TERMINATION OF SERVICE
“ 3. If objection in writing is not received by the Company within thirty days after the bill is rendered, the items and charges appearing thereon shall be deemed to be correct and binding upon the subscriber.
“ 4. In the event of the non-payment of any sum due, the Telephone Company may: Suspend service until all charges due have been paid. Such suspension shall not be made until at least five days have elapsed following written notification to the subscriber by mail or in person of the Telephone Company’s intention to suspend its service for non-payment.”
The telephone company moves for an order pursuant to CPLE 3211 dismissing the instant proceeding on the following grounds: (1) that the matters which are the subject of the proceeding *751 come within the primary or exclusive jurisdiction of the State Public Service (Commission, and furthermore, that the Public Service Commission would be an indispensable party if this proceeding were permitted to continue and, in such case, could not lawfully be sued in this county; (2) the petitioner lacks standing to raise his constitutional claims; (3) the petitioner fails to state a cause of action because the allegations of unconstitutionality are totally unsubstantiated and without merit; and (4) the proceeding cannot be maintained as a class action.
The arguments advanced by the telephone company in support of its contention that petitioner lacks standing to raise the constitutional claims are not without force. However, the constitutional questions presented by petitioner involving fundamental rights, are questions which may well be raised again in the future, in situations where a more solid foundation may exist for raising the constitutional issues than appears here. In view thereof, the court deems it more fitting to determine this proceeding on the basis of a consideration of these constitutional questions, namely, as to whether the above-mentioned provisions of the tariff, in themselves, or as applied to petitioner and other telephone subscribers, violate the due process or equal protection clauses of the Federal and State Constitutions, and the extent, if any, to which the grievances alleged by petitioner are matters coming within the primary or exclusive jurisdiction of the Public Service Commission. .
On the question of due process, the petitioner contends in substance that there is a denial of due process in violation of the Constitution because there is no provision which affords petitioner and other telephone subscribers an absolute right to a hearing on the question of liability for payment of bills, prior to suspension of service for nonpayment. This contention is without merit. Assuming, arguendo, that there is no adequate procedural safeguard insuring a prior evidentiary hearing, it does not follow that a person is thereby unconstitutionally deprived of a property right. The right of a public utility like the telephone company to enforce payment of a disputed bill by invoking the threat of suspension of service without the necessity of resorting to a court action to collect payment has been upheld as reasonable (Southwestern Tel. Co. v. Danaher, 238 U. S. 482). As was stated in the above-cited case, at pages 489-490, ‘ ‘ not only are telephone rates fixed and regulated in the expectation that they will be paid, but the company’s ability properly to serve the public largely depends upon their prompt payment. They usually are only a few dollars per month and *752 the expense incident to collecting them by legal process would be almost prohibitive.”
It is within the control of the petitioner in the instant case to avoid the claimed irreparable injury which would result from a suspension of telephone service by paying the disputed bill under protest pending determination of the dispute in a court of law, or in such other forum as may be available to petitioner.
The general rule is that where only property rights are involved, mere postponement of the judicial inquiry is not a denial of due process if the opportunity given for the ultimate judicial determination of the liability is adequate (Phillips v. Commissioner, 283 U. S. 589, 596-597). Cases such as Goldberg v. Kelly (397 U. S. 254), cited by petitioner, holding that due process is violated by failure to provide a hearing prior to termination of public assistance, are inapposite. The burden which is imposed on the instant petitioner if he wishes to continue receiving the benefits of telephone service is the payment of the disputed bill subject to recovery thereof if his objection to the bill is upheld, and since such procedure involves none of the special irreversible economic hardships requiring prior judicial hearings, such as was involved in Goldberg (supra) and in the other cases cited by petitioner, the postponement of the judicial inquiry as to the instant petitioner’s liability for payment is not a denial of due process. (See Matter of 300 West 134th St. Realty Co. v. Department of Bldgs., 26 N Y 2d 538, 544.)
The claim that the tariff provisions in question violate the equal protection clauses of the Federal and State Constitutions in that they “ permit ” discriminatory treatment is unsubstantiated. Even more lacking in substantiation is the suggestion that the Public Service Commission is party to a conspiracy to deprive the petitioner of his constitutional rights. Finally, insofar as petitioner charges that the telephone company applies the tariff in a discriminatory manner, clearly this is a matter involving the primary or exclusive jurisdiction of the Public Service -Commission which is charged under the Public Service Law with supervising and regulating the activities of the telephone company.
The court sympathizes with the vulnerable plight of a subscriber who is required to pay, under threat of suspension, a bill which may be honestly disputed. However, as has been hereinabove indicated, a balancing of factors involved in such a 'situation, when weighed in the light of public policy and other considerations, renders it more expedient to place the burden upon the subscriber of paying the bill and contesting it at a *753 later hearing or trial if his objections to the bill are rejected by the telephone company, than to compel the company in every case to resort to legal action and obtain a favorable determination before it can act to suspend service if payment is still refused.
Respondent’s motion is accordingly granted and the petition is dismissed.