■ SPRING VALLEY WATER COMPANY, INCORPORATED, Appellant, v. CRUZ CONSTRUCTION CO., INC., Respondent.— In an action by a public utility corporation, as a third-party beneficiary of a contract between defendant construction company and the Town of Ramapo, to recover for property damage, plaintiff appeals from an order of the Supreme Court, Rockland County, dated May 7, 1971, which denied its motion for partial summary judgment pursuant to CPLR 3212 (subd. [e]). Order affirmed, without costs. Upon the argument of this appeal plaintiff (through counsel) stated that it waived any claim to partial summary judgment by reason of the fact that defendant's opposing affidavits were made by persons not having personal knowledge of the facts and that for the purpose of passing upon the propriety of the order appealed from the statement of facts contained in said affidavits were to be deemed made upon personal knowledge. In view of that concession we hold that triable issues of fact are presented which require a plenary trial. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ ERNEST TERLIZZI et al., Respondents, v. KATHERINE BRODIE et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated July 23, 1971, as, after granting reargument of their motion to vacate service of the summons, adhered to the original decision denying the motion. Order reversed insofar as appealed from, on the law and on the facts, and motion granted, with $10 costs and disbursements. In May or June, 1968 defendants, New Jersey residents, were in an automobile collision in New Jersey which caused plaintiffs, New York residents, to sustain injuries. In February, 1971 defendants were called at home and told that they had been chosen to receive two tickets to a Broadway show as a promotional venture to get their opinion on a questionnaire of the new 7:30 P.M. curtain time. After the performance and while still in the theatre, defendants were served with a summons in this action by a man who had been sitting behind them. No questionnaire had been given them. Plaintiffs have presented no facts concerning the service to refute defendants' claim and have not submitted an affidavit of the investigator retained to effect service. It has long been held that where a defendant has been lured into this jurisdiction by fraud or deceit in order that he may be served, the service so effected is invalid (Neotex Mfg. Co. v. Eidinger, 250 App. Div. 504; Shillman v. Toulson, 211 App. Div. 336; Garabettian v. Garabettian, 206 App. Div. 502). In our opinion, the service was invalid and the motion should have been granted. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.