■ GEORGE T. CARR, Appellant, v. RICHARD ANTONOFF et al., Constituting the Board of Trustees of the Incorporated Village of Lake Success, Respondents.— Judgment of the Supreme Court, Nassau County, dated February 16, 1972, affirmed, with costs, on the opinion of Mr. Justice Suozzi at Special Term. Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ MAURICE GOLDENTHAL, on Behalf of Himself and All Other Telephone Subscribers in the City of New York, Appellant, v. NEW YORK TELEPHONE COMPANY, Respondent.— In a proceeding to compel respondent to restore petitioner's telephone service, petitioner appeals from an order of the Supreme Court, Kings County, dated January 18, 1972, which granted respondent's motion to dismiss the proceeding on the grounds that the court does not have jurisdiction of the subject matter of the proceeding and the petition fails to state a cause of action. Order affirmed, with costs (*Lucas* v. *Wisconsin Elec. Power Co.*, 466 F. 2d 638). Munder, Martuscello, Gulotta and Brennan, JJ., concur; Hopkins, Acting P. J., concurs in affirmance of the order on the following grounds: (1) Under the claim of a violation of due process in the suspension of service without adequate notice and hearing, the courts have jurisdiction of this proceeding and a class action is appropriate; and (2) petitioner has not shown a violation of due process at this time, in view of the showing in the record that he sought the intervention of the Public Service Commission in the dispute between himself and respondent, and the commission has directed a hearing as to the adequacy of notice under the present tariff before suspension of service (cf. *McKart* v. *United States*, 395 U. S. 185). [68 Misc 2d 749.]

■ LUCILLE HAGHANI, Respondent, v. MOOSA HAGHANI, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, entered October 18, 1971, which, after a nonjury trial, granted plaintiff a divorce and a counsel fee and referred the issues as to custody of the parties' children and as to the children's support to a designated Justice of the Supreme Court in the First Judicial District. Judgment reversed, without costs, on the law and the facts and in the interest of justice, and new trial granted. The divorce was granted on the ground of cruel and inhuman treatment. The cruelty consisted of defendant's making repeated unfounded charges of infidelity against plaintiff maliciously and in bad faith. Although this is a proper ground for divorce if proved (cf. *Mante* v. *Mante*, 34 A D 2d 134, 136–137), we find that the evidence produced by defendant, while insufficient to prove infidelity by a fair preponderance of the credible evidence, was nonetheless sufficient to establish that he had reasonable grounds for suspicion and for making the charges. Since his charges had a reasonable basis, it is immaterial that in prior litigation between the parties several Judges had found them unproved. Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.