■ AARON BIN-NUN, Respondent, v. INSTRUMENT SYSTEMS CORPORATION, Appellant.— Order, Supreme Court, New York County, entered on October 25, 1972, unanimously affirmed on opinion of Evans, J., at Special Term, and that the respondent shall recover of the appellant $60 costs and disbursements of this appeal. No opinion. Concur — Stevens, P. J., Kupferman, Lane, Steuer and Capozzoli, JJ.

■ LAWRENCE A. EPTER & ASSOCIATES, INC., Respondent, v. JEFFERSON COUNTY SAVINGS BANK, Appellant.— Order, Supreme Court, New York County, entered on November 22, 1972, granting plaintiff's motion to limit the scope of its examination before trial and ordering a reference on the issue of whether defendant had violated a preliminary injunction, unanimously modified, on the law and the facts, by reversing the direction that a reference be held and that the books and records to be produced shall be limited to a six-month period. Plaintiff's motion to punish the defendant for contempt is denied. Except as thus modified, the order is affirmed, without costs and without disbursements. Examination of the motion papers fails to reveal the existence of any issue of fact requiring a reference for resolution. In pertinent part, the preliminary injunction granted by Grumet, J. on June 7, 1972, restrained "future cancellation of the contract between the parties dated March 6, 1964 upon the basis of facts and circumstances as they have developed to the present, maintenance of which is hereby granted". The sending of notices of possible foreclosure proceedings to four mortgagors by Howal Servicing Corporation on appellant's behalf on October 5, 1972, was not interdicted by Judge Grumet's order. Appellant reserved the right to foreclose in the case of defaulted mortgages under its agreement with respondent. Respondent has failed to demonstrate a prima facie case of disobedience by appellant of a plain directive of the court, much less the clear showing of such disobedience necessary to establish a contempt. (See *Ketchum* v. *Edwards,* 153 N. Y. 534; *People* v. *Balt,* 34 A D 2d 932; *Matter of Sheridan* v. *Kennedy,* 12 A D 2d 332.) The record contains what amounts, for practical purposes, to an agreed statement of facts. Special Term should have decided the contempt motion on the basis of the papers submitted. (See *Shillman* v. *Toulson,* 211 App. Div. 336; *Slutzkin* v. *Gerhard & Hey,* 195 App. Div. 559.) Appellant's answer and counterclaim raise issues which predate signing of the 1964 agreement, i.e., the intent of the parties as to certain clauses, and other issues throughout the entire life of the contract. CPLR 3101 (subd. [a]) and judicial pronouncements on the subject, mandate full disclosure. Appellant should be permitted to depose plaintiff on events or occurrences prior to June 15, 1970. Plaintiff seeks a declaratory judgment that the agreement between the parties has not been breached. Defendant seeks a declaration that the agreement has been validly terminated for breach thereof. Under these circumstances it is material and necessary to adduce evidence relating to performance or nonperformance since the inception of the agreement. (See *Allen* v. *Crowell-Collier Pub. Co.,* 21 N Y 2d 403, 406; *Posner* v. *Nova Table Pad Co.,* 28 Misc 2d 946.) Concur — Markewich, J. P., Nunez, Kupferman, Murphy and Tilzer, JJ.