■ EMANUEL BRODY, Respondent, v SAROLTA BRODY, Appellant.—In a divorce action, defendant wife appeals from a judgment of the Supreme Court, Kings County, entered October 4, 1978, which, *inter alia,* granted a judgment of divorce in favor of plaintifff husband on the ground of cruel and inhuman treatment. Judgment reversed, on the law, with costs and complaint dismissed. Plaintiff was awarded a judgment of divorce based upon cruel and inhuman treatment. The alleged cruel and inhuman treatment consisted primarily of the defendant's repeated accusations of infidelity against her husband. Although false accusations of adultery made in bad faith against one's spouse can give rise to a cause of action for divorce based upon cruel and inhuman treatment *(Mante v Mante,* 34 AD2d 134), in the instant case, a divorce was improperly granted upon that ground because the record shows that defendant had reasonable grounds to believe that her husband was guilty of infidelity (cf. *Haghani v Haghani,* 40 AD2d 825). Defendant testified that during a vacation in Czechoslovakia she had seen her husband stroking the leg of another woman in a restaurant; that on another occasion she found her husband with another woman in the bathroom and that she found a letter written by her husband to another

woman. Although plaintiff took the stand in rebuttal he did not dispute his wife's testimony with respect to the leg-stroking incident nor as to being found in the bathroom with another woman. In addition, he admitted corresponding with a woman named Veronica and did not deny defendant's finding of a letter written by him to another woman. Also introduced into evidence was a copy of a love letter written in German and addressed to plaintiff and signed by a person named Yvette. At first, plaintiff denied ever having received the letter. He subsequently changed his testimony stating that he had written the letter himself, that he had it mailed from Paris by a friend and that he left it in his pocket so that his wife would find it and, upon perusing its contents, would seek a divorce. Under the circumstances of this case, we find that defendant's suspicions were reasonable and that the judgment of divorce was improperly granted against her. Titone, J. P., O'Connor, Lazer and Mangano, JJ., concur.