■ In the Matter of JANE HAMMETT, Respondent, v PHILLIP HAMMETT, Appellant.—Order, Family Court, New York County, entered August 27, 1979, denying respondent-appellant's motion to dismiss the petition on the ground of improper service (CPLR 3211, subd [a], par 8) is affirmed, with costs. As stated by our dissenting colleagues, petitioner wife and respondent husband are attorneys who, until their separation in March, 1979, lived in Philadelphia following their 1973 marriage. After the separation, petitioner moved into a Greenwich Village apartment and respondent remained in Philadelphia. Petitioner claims that the Greenwich Village apartment was used by herself and respondent as an alternate residence throughout their marriage, but respondent claims it was used mostly by petitioner as a place to stay when engaged in her New York law practice. The question presented is whether the affidavits concerning the service on respondent of a summons and support petition, effected at petitioner's Greenwich Village apartment on May 12, 1979, require a hearing to determine whether such service must be vacated. The general rule is that when a nonresident defendant (or respondent) has been enticed into the jurisdiction by fraud and deceit for the purpose of obtaining service upon him, the service thereby effectuated will be vacated. *(Garabettian v Garabettian,* 206 App Div 502; *Gampel v Gampel,* 114 NYS2d 474.) It is equally well established that if the defendant is not lured into the jurisdiction, but is here of his own free will, the service will not be invalidated merely because it was accomplished through the use of deception. *(Gumperz v Hofmann,* 245 App Div 622, affd 271 NY 544.) While the affidavits presented below raise a factual issue whether petitioner used deception to effectuate service, no real issue is raised whether respondent was voluntarily in New York at the time of service, thereby rendering the deception issue academic. Petitioner's affidavit in opposition to respondent's motion to vacate service relates the substance of a telephone conversation on May 11, 1979 during which petitioner attempted to persuade respondent to end his love affair with a Mrs. Palmer and to effect a reconciliation. Petitioner alleges respondent said "that he was coming into New York this very weekend with Mrs. Palmer and that he would be staying in a hotel in Manhattan but would like very much to meet with me quickly. *I did not, and I emphasize, did not request him to come into the City."* (Emphasis in original.) Respondent's reply affidavit states: "I absolutely did not say that I was coming into New York that very weekend with Mrs. Palmer, nor did I say that I would be staying in a hotel in Manhattan." Significantly, respondent's carefully worded denial does not in fact put in issue the petitioner's main allegation that respondent intended to come to New York that weekend and told petitioner he intended to do so. Whether respondent's affidavit is deemed a negative pregnant with an admission that he was voluntarily in New York at the time in question (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3018.07) or whether his affidavit simply fails to place in issue the determinative facts, the result is the same; petitioner's statement that she did not request respondent to come into the city is uncontroverted, and therefore the motion was properly denied. As Mr. Justice Steuer stated in *Freybergh v Geliebter* (16 Misc 2d 621, 622): "In no

decided case has a defendant who suggested of his own volition that he come into the jurisdiction been successful on this type of motion." We find it pertinent that respondent acknowledged that during the course of the marriage he spent one weekend per month at the Greenwich Village apartment and on the date of service respondent arrived with an empty suitcase to remove his remaining clothing from the apartment. It is also a fair inference from his affidavits that he came up to New York from time to time during the week on business and social occasions. We need not determine here whether the *Gumperz v Hofmann* principle is applicable to a nonresident who comes to New York on a regular basis but who on the occasion of the disputed service was induced to enter the jurisdiction by deceptive means. We note only that the aforesaid circumstances lend additional weight to the conclusion here reached from the respondent's failure to dispute that he had come to New York that weekend for personal reasons. Concur—Sandler, Ross and Carro, JJ.

Fein, J. P., and Markewich, J., dissent in a memorandum by Markewich, J., as follows: The parties are both attorneys who, until their separation in 1979, had lived in Philadelphia following their 1973 marriage. Indeed, their joint tax returns were filed from there. They also maintained a Manhattan apartment, used from time to time for business visits here, the expense of which constituted a tax deduction. After their separation, petitioner-respondent wife moved into the New York apartment. According to respondent-appellant husband, she telephoned him in Philadelphia to come to the apartment here to discuss a problem. He consented, specifying a Sunday, to which she countered that only the day before would be convenient. He arrived at the apartment as requested and, when his wife opened the door in response to his ring, he was served by a male with Family Court process. The foregoing summarizes respondent-appellant's factual presentation to Family Court on his motion to dismiss for invalid service of process. The wife's claim is that the husband is a dual resident of both States, that there was no need to lure him here because he was here often to service corporate clients, and that, indeed, he used the Manhattan apartment to further romantic adventures, although somewhat incongruously she uses as evidence on this score the matchbook of a hotel claimed by her to have been the scene of assignation. Two alternative issues of fact are presented: was he a Manhattan resident as to whom the alleged "luring" was irrelevant, or was he brought here on a false representation (1 Weinstein-Korn-Miller, NY Civ Prac, par 308.10)? The picture is that of a classic traverse, requiring, in accordance with ancient New York law, a hearing as to both described issues. The very recitals in the majority writing emphasize that there is a basic question of fact in this traverse which may not be decided on papers alone. *(Garabettian v Garabettian,* 206 App Div 502; *Allen v Betterly,* 258 App Div 907; *Knoll v Knoll,* 6 AD2d 1030; *Terlizzi v Brodie,* 38 AD2d 762.) Family Court, denying the motion, found "that respondent has sufficient contacts with New York to enable the court to exercise personal jurisdiction over the respondent," citing *ABKCO Inds. v Lennon* (52 AD2d 435). *ABKCO* is completely inapposite, involving as it does service in England in a commercial action based upon business done in this State (CPLR 301). The order should be reversed, and the matter remanded for hearing.