OPINION OF THE COURT
Alfred M. Lama, J.
The novel question before this court is: where an action for divorce has been commenced by service of a summons with notice, and the basis for the action for divorce as set forth in the summons is cruel and inhuman treatment, may subsequent service of the complaint some five months later include allegations of cruel and inhuman treatment which postdate the date of the summons? The court answers this question in the affirmative.
The parties have been married for approximately 18 months. On or about April 26, 1983, plaintiff commenced this action for divorce by serving the defendant with a summons and notice that the action was based upon cruel and inhuman treatment of the plaintiff by the defendant. The complaint did not accompany the summons. The complaint was not served until approximately August 15, 1983.
Annexed to the complaint is a schedule (listed as items A-K) of all of the alleged acts of cruel and inhuman *75 treatment on the part of the defendant. Items C, D, E and F predate the date of the summons. Items A, B, G, H, I, J and K are alleged acts which occurred subsequent to the date of the summons.
Defendant moves to dismiss this action for divorce. He claims that he does not want to “throw in the towel” and he believes the plaintiff should give the marriage a greater period of time to work. Defendant contends that the allegations of cruel and inhuman treatment which postdate service of the summons and notice should be disregarded by the court. In the opinion of the defendant four remaining allegations of cruel and inhuman treatment should be dismissed because they in no way constitute cruel and inhuman treatment.
Section 211 of the Domestic Relations Law provides that a matrimonial action must be commenced by the service of a summons and complaint or a summons with notice as designated in section 232 of the Domestic Relations Law. (McKoy v McKoy, 120 Misc 2d 83.) The requirement that a summons served without a complaint must identify on its face that the action is for divorce, annulment or separation has been around for at least 100 years. First enacted in 1882, the object of the requirement is to prevent fraud or undue prejudice by alerting the defendant the plaintiff seeks matrimonial relief of a given nature and, therefore, puts the defendant on notice that such relief may be granted in the event of a default. (Scheinkman, 1982 Practice Commentary, McKinney’s Cons Laws of NY, Book 14,1983-1984 Pocket Part, Domestic Relations Law, § 232, p 14.)
Once the defendant has notice of the action for divorce through a summons with notice what real difference can it make if the complaint served at a later time contains allegations which postdate the date of the summons? Indeed the nature of the action for divorce based on cruel and inhuman treatment speaks of an examination of the totality of the conduct between the spouses. (Fox v Fox, 85 AD2d 653.) Certainly it cannot be reasonably argued that this examination ends on the date set forth on the summons. Furthermore, even if a pleading had accompanied the summons there is no doubt that the court has within its *76 discretion the power to allow amendments to a pleading in order that the party may allege further acts of misconduct. (CPLR 3025, subd [b]; Shuffman v Shuffman, 6 AD2d 1030; Mendoza v Mendoza, 4 Misc 2d 1060, affd 273 App Div 877.)
A different result should not ensue here where no pleading has been served, no prejudice has been demonstrated by the movant and to order otherwise would necessitate the commencement of an entire new action alleging the identical allegations as set forth here.
Finally what of defendant’s contention that the complaint must in any event be dismissed for failure to state a cause of action? The court will not pass judgment on all of the allegations of cruel and inhuman treatment annexed to the complaint. Suffice it to say that the allegations consist, inter alia, of repeated accusations of infidelity which can serve to sustain a cause of action for divorce based on cruel and inhuman treatment. (Brody v Brody, 72 AD2d 802; Mante v Mante, 34 AD2d 134.) While the court acknowledges that the remaining allegations of cruel and inhuman treatment within the complaint are not of the strongest nature, the court also notes that the duration of the marriage is of a relatively short period. “An appearance of misconduct, which in a matured marriage might fail to justify a finding of substantial misconduct * * * may in a newer marriage justify or even compel an inference of substantial misconduct.” (Hessen v Hessen, 33 NY2d 406, 411.)
The motion to dismiss is denied. Defendant is directed to serve his answer to the complaint within 30 days after service upon defendant of a copy of this order with notice of entry.