Matter of Karen W. v Roger S. (2004 NY Slip Op 24563)

Matter of Karen W. v Roger S.

2004 NY Slip Op 24563 [8 Misc 3d 285]

December 22, 2004

Amodeo, J.

Family Court, Dutchess County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Tuesday, August 9, 2005

[*1]
In the Matter of Karen W., Petitioner,
v
Roger S., Respondent.
Family Court, Dutchess County, December 22, 2004

APPEARANCES OF COUNSEL

Gary E. Lane, Poughkeepsie, for respondent. Philip Kenny, Poughkeepsie, for petitioner. Eliot Spitzer, Attorney General, New York City (Michael S. Belohlavek, Deputy Solicitor General, of counsel), for State of New York.

OPINION OF THE COURT

Damian J. Amodeo, J.
By petition filed on May 19, 2004, petitioner (mother) seeks custody of the parties' minor children, D. (date of birth: June 8, 2002) and J. (date of birth: Dec. 5, 2003). The mother is a United States citizen and resides in Poughkeepsie, New York, and the respondent (father) is a citizen of Germany and resides in Mechenheim, Germany. At the time the petition was filed, the older child, D., had lived in Poughkeepsie for one year and J., who was born in the State of New York, had lived here his entire life. On June 24, 2004, the mother appeared with counsel and the father appeared through his attorney who stated that he was making a special appearance to challenge the jurisdiction of the court.
On that date the court entered a temporary order of custody on behalf of the mother. Thereafter, counsel for the father submitted a written motion to dismiss the custody petition on the following grounds: (1) the court does not have "in personam" jurisdiction over the father; (2) that there is a pending divorce action in Germany; and (3) that the provisions of Domestic Relations Law § 75-d, as applied to the father, violate the New York, federal and German constitutions.
The mother's attorney submitted an affidavit of service which shows service of the custody petition and order to show cause on the father on May 20, 2004 in Poughkeepsie, New York. The father acknowledged that he was personally served in New York with these papers.
Counsel for the father also concedes that there has never been an order of custody with respect to the parties' children in any other country or state. Although the father asserts that there is a divorce action pending in Germany, it is undisputed that the mother has not been served with any papers in that divorce action. It is also undisputed that the mother has been in New York with the children for more than one year prior to the commencement of this custody proceeding.
The court first turns to the issue of subject matter jurisdiction. This proceeding is governed by the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law, art 5-A, § 75 et seq. [hereinafter UCCJEA]). Of paramount importance for the determination of jurisdiction under this statute is ascertaining the "home state" of the children. "Home state" is defined in relevant part as 
"the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding. In [*2]the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned." (Domestic Relations Law § 75-a [7].)
New York is clearly the home state of the children as the older child lived here for a year prior to the commencement of the proceeding and the younger child was born in New York.
Moreover, by its terms, the UCCJEA applies to international disputes. Foreign countries are deemed to be American states for the purposes of the act (Domestic Relations Law § 75-d). Therefore, Domestic Relations Law § 76, which governs jurisdiction, "applies fully" to international cases (Merril Sobie, New York Law of Domestic Relations, ch 10 [10 West's NY Prac Series 2004]).
Thus, New York has subject matter jurisdiction (Domestic Relations Law § 76 [1]) to make an initial custody decision. Indeed, the father does not seriously dispute this.
Having determined that subject matter jurisdiction lies in New York, the court must determine whether the exercise of that jurisdiction is precluded or must be declined based upon inconvenient forum (Domestic Relations Law § 76-f), because of unjustifiable conduct of the person seeking to invoke its jurisdiction (Domestic Relations Law § 76-g), or because at the time the proceeding was commenced there was a simultaneous proceeding in another state or country (Domestic Relations Law § 76-e). The court finds that none of these factors apply which would preclude the court from exercising jurisdiction or warrant the court declining to exercise jurisdiction.
The father argues that the court does not have personal jurisdiction over him because the criteria of CPLR 302 are not met. This argument is without merit. While the CPLR does provide a basis for the exercise of personal jurisdiction, it is not the only and exclusive basis. Here, the UCCJEA provides the basis for the court's exercise of personal jurisdiction.
The father next argues that the court does not have personal jurisdiction over him. However, he concedes he was personally served in the State of New York. If the summons is personally delivered to a litigant in New York, "the several requirements of due process are fulfilled simultaneously. The reason is that local service is its own basis for jurisdiction" (Siegel, NY Prac § 59, at 79 [3d ed]).
There is absolutely no indication that the father, who was in this country for business and to visit his children, was enticed into the jurisdiction by fraud and deceit for the purpose of obtaining service upon him (see, Matter of Hammett v Hammett, 74 AD2d 540 [1980]). Indeed, the father has not submitted an affidavit in support of his motion that would place any facts in issue concerning personal service. In contrast, the mother has submitted an affidavit in which she asserts that the father was coming to the United States on business and that while he was here he wanted to see the children.[FN1]

The court therefore has personal jurisdiction over the father.
The court likewise finds no merit to the father's argument that this court may not exercise jurisdiction because there is a divorce action pending in Germany. Based on the submissions, the divorce action was commenced in Germany on June 15, 2004 and acknowledged by the German court on June 16, 2004. The mother commenced her custody proceeding in New York on May 19, 2004, approximately one month earlier. Family Court, which has jurisdiction over the issue of custody, is not divested of that jurisdiction by the subsequent filing of a divorce action by the other party (see, Matter of Rubenstein v Yosef, 198 AD2d 359, [*3]360 [1993]).
Finally, the father argues that the UCCJEA as applied in this context is unconstitutional in that it violates his rights to due process. He argues that were this court to exercise jurisdiction, he would be deprived of an inherent right, i.e., his parental rights, without due process. He also asserts, without supporting authority, that subjecting him to the jurisdiction of the court without his having substantial contacts with the United States is unconstitutional.[FN2] 

The father does not make clear whether he is asserting that the UCCJEA as applied to him violates his substantive[FN3]

or procedural due process rights. In any event, the children have "substantial contacts" with New York State and the court has jurisdiction over the father. No procedural due process claim exists as all the procedures of the Family Court Act and CPLR apply equally to both parties, who will have a full and fair opportunity to litigate in this court. No substantive due process claim exists because the UCCJEA rationally and neutrally determines which forum is most appropriate to hear the custody issue. There clearly is a rational basis for New York's assumption of subject matter jurisdiction and the father's constitutional rights are not violated by its doing so. At least 38 states have made the same policy choice by adopting the UCCJEA, further evidencing its legitimate government purpose, i.e., providing a "mechanism to obtain and enforce orders of custody and visitation across state lines and to do so in a manner that ensures that the safety of the children is paramount" (Domestic Relations Law § 75 [2]) and that there is an opportunity for the fair and efficient adjudication of custody issues between parents residing in different states or countries.
In determining the father's constitutional claim, the court is mindful that "[t]he courts should not strike down a statute as unconstitutional unless such statute clearly violates the Constitution" (McKinney's Cons Laws of NY, Book 1, Statutes § 150 [a]). It has often been stated that "nothing but a clear violation of the Constitution will justify the court in overruling the legislative will" and a court of original jurisdiction should not set aside a statute "unless such conclusion is inescapable" and the "invalidity of the act is apparent on its face." (Statutes § 150 [a], Comment, at 311-312.) "Statutes are presumed valid and constitutional and the one challenging the statue has the burden of showing the contrary" (Statutes § 150 [b]).
The father has not demonstrated any violation of his procedural due process rights, which require (1) notice and (2) an opportunity to be heard appropriate to the case (Mullane v Central Hanover Bank & Trust Co., 339 US 306 [1950]). He has actual notice of the proceedings. And, he will have an opportunity to be heard as the UCCJEA has incorporated "liberal and, in some respects, remarkable provisions permitting out-of-state examinations, hearings before out-of-state courts, telephonic testimony," and interstate probation, home studies, to be conducted under the auspices of out-of-state courts[FN4]

(Sobie, Practice Commentaries, McKinney's Cons Laws of NY, [*4]Book 14, Domestic Relations Law § 75-k, 2005 Pocket Part, at 62). Should the father choose not to come to New York, he will have an opportunity to appear through his attorney and testify telephonically or by audiovisual means, which are available to this court (Domestic Relations Law § 75-j). Alternatively, this court could arrange for the father to testify in the German court and have a transcript forwarded to this court (Domestic Relations Law § 75-k [1] [d]). It does not offend notions of due process and fundamental fair play to require him to proceed in this manner, as any other out-of-state litigant would. Clearly, one of the parties may be somewhat inconvenienced by whatever court assumes jurisdiction of this case. In this court's view it is far more practical to have the issue of custody litigated where the children have lived the majority of their lives than to have the children and mother go to Germany to litigate the issue of custody. That is consistent with the notion that "[j]urisdictional priority, under the UCCJEA, is always conferred to a child's 'home state' " (see, Hector G. v Josefina P., 2 Misc 3d 801, 809 [2003])—the state or country which typically has the most significant contact with the children and the most evidence and information regarding their care and custody.
It is axiomatic that because the father resides in Germany and the mother and children in New York, the issue of custody of these children must be litigated in one of those two locations. As New York is the home state of the children, it defies logic to have the issue litigated in Germany. Were this court to find that it is unconstitutional to litigate the issue of custody in New York, how would it be constitutional to require the mother to litigate the issue in Germany? Taking the father's argument to its logical conclusion would result in the untenable situation that no court has jurisdiction, leaving the parties in limbo with respect to the issue of custody.
Based upon the foregoing, the father's motion to dismiss is denied.
<
>[Portions of opinion omitted for purposes of publication.]
>

Footnotes

Footnote 1: For purposes of this motion to dismiss, the court accepts the allegations of the petition as true and the court may consider any affidavits submitted.

Footnote 2: Pursuant to Executive Law § 71, the court has given notice of the father's constitutional challenge to the UCCJEA to the Attorney General. The court received a letter from Michael S. Belohlacek, Deputy Solicitor General, indicating that the Office of the Attorney General would not be participating in this matter.

Footnote 3: The father has failed to demonstrate that applying the provisions of the UCCJEA to the facts of this case is "wholly without legal justification" (see, generally, Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 627 [2004] [discussion of substantive due process]).

Footnote 4: As used in this context, "out-of-state" also refers to a foreign country.