■ MARY ANN DANTIN, Respondent, v MAURO MASI, Appellant. [942 NYS2d 879]—In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Christopher, J.), dated May 23, 2011, as denied, without a hearing, his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the Supreme Court properly denied, without a hearing, his motion to dismiss the complaint for lack of personal jurisdiction. The plaintiff demonstrated that jurisdiction was acquired over the defendant by personal delivery of a copy of the summons and complaint to him while he was physically present in New York (*see* CPLR 308 [1]). Moreover, accepting as true the defendant's factual allegations regarding the circumstances under which he was served with process, we conclude that he failed to raise any issue regarding whether he was lured, enticed, or induced into entering New York by fraudulent or deceptive conduct on the part of the plaintiff for the purpose of effecting service. Therefore, a hearing on the validity of the service is unwarranted (*see Matter of Hammett v Hammett*, 74 AD2d 540 [1980]; *United Indus.*

*Corp. v Shreiber*, 51 AD2d 688 [1976], *cert denied* 429 US 1023 [1976]; *Gumperz v Hofmann*, 245 App Div 622 [1935], *affd* 271 NY 544 [1936]; *cf. DeMartino v Rivera*, 148 AD2d 568 [1989]; *Terlizzi v Brodie*, 38 AD2d 762 [1972]).

In view of the foregoing, we do not reach the parties' remaining contentions regarding personal jurisdiction. Mastro, A.P.J., Balkin, Sgroi and Cohen, JJ., concur.